**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 15-6073**

─────────

ADRIAN NATHANIEL BACON,

        Plaintiff - Appellant,

    v.

C/O MICHAEL WOOD; C/O WEBB; C/O C. ROSE; C/O K. BRINKLEY;
C/O WHITE,

        Defendants - Appellees.

─────────

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. James P. Jones, District
Judge. (7:13-cv-00565-JPJ)

─────────

Submitted: May 29, 2015          Decided: July 1, 2015

─────────

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

─────────

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

─────────

Adrian Nathaniel Bacon, Appellant Pro Se. Kate Elizabeth Dwyre,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia,
for Appellees.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Nathaniel Bacon, a Virginia prisoner, appeals the district court's order granting summary judgment, on the ground of qualified immunity, to Correctional Officers Michael Wood and David Webb on his excessive force claim and to Correctional Officers Chris Rose, Kendall Brinkley, and Skylar White (together, with Webb and Wood, "Defendants") on his deliberate indifference claim in an action filed under 42 U.S.C. § 1983 (2012). We affirm in part, vacate in part, and remand.

"We review de novo an award of summary judgment on the basis of qualified immunity." Durham v. Horner, 690 F.3d 183, 188 (4th Cir. 2012). "Summary judgment is proper only if taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law." Id.

As an initial matter, we agree with Bacon that the district court did not view the evidence, and reasonable inferences therefrom, in the light most favorable to him. The district court's conclusions that Bacon had been handcuffed during the incident with Defendants and had admitted to refusing to comply with prison procedures for removing handcuffs while in his cell

2

are not supported by any evidence in the present record.[1]  Nor does the record include evidence of the prison's policies or procedures for removing a prisoner's handcuffs while he is in his cell.  Instead of viewing the evidence in Bacon's favor, the district court viewed the evidence in Defendants' favor by presuming the existence of evidence favorable to Defendants that was not in the record.  This was impermissible at the summary judgment stage.  See Jacobs v. N.C. Admin. Office of the Cts., 780 F.3d 562, 570 (4th Cir. 2015).

"Our qualified immunity analysis typically involves two inquiries: (1) whether the plaintiff has established the violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged violation." Raub v. Campbell, __ F.3d __, __, 2015 WL 1926416, at *4 (4th Cir. Apr. 29, 2015) (No. 14-1277).  "Eighth Amendment analysis necessitates inquiry as to [(1)] whether the prison official[s] acted with a sufficiently culpable state of mind (subjective component) and [(2)] whether the . . . injury inflicted on the inmate was sufficiently serious (objective component)." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008) (internal quotation

---

[1] Although Bacon states for the first time in his informal appellate brief that he was handcuffed at the relevant time, he maintains here, as he did in the district court, that he violated no prison policy.

3

marks omitted); see Hudson v. McMillian, 503 U.S. 1, 6-10 (1992) (discussing subjective and objective components); Whitley v. Albers, 475 U.S. 312, 321 (1986) (setting forth factors to assist courts in assessing subjective component), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010). Because the district court viewed the facts in the light most favorable to the Defendants, we are compelled to conclude that the court erroneously granted summary judgment on Bacon's Eighth Amendment excessive force claim.

With regard to the subjective component, the district court concluded that, because Defendants Wood and Webb used an amount of force that caused only minimal injury in order to remove the restraints from a noncompliant prisoner, their actions must be characterized "as a good faith effort to maintain or restore discipline." Hudson, 503 U.S. at 6. Because we disagree with the district court's description of the factual circumstances, we conclude that there was no factual basis for the court's conclusion at the summary judgment stage. Instead, applying the Whitley factors, we conclude that the evidence shows no threat to discipline, no need to apply any force on Bacon, and that the use of any amount of force by Wood and Webb was disproportionate

4

to the need to use force.[2]  See Iko, 535 F.3d at 239; see Wilkins, 559 U.S. at 37-38.

With regard to the objective component of the excessive force claim, the district court relied on its analysis under the subjective component in concluding that Bacon failed to satisfy the objective component's requirements.  Because the objective component is not demanding, Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996), and because "contemporary standards of decency always are violated" when "prison officials maliciously and sadistically use force to cause harm," Hudson, 503 U.S. at 9, we conclude that the district court erred in this regard as well.

Turning to Bacon's deliberate indifference claim, we conclude that Bacon has failed to challenge on appeal the district court's dispositive ground for granting summary judgment.  See Stevenson v. City of Seat Pleasant, 743 F.3d 411,

---

[2] The district court also concluded based on facts not in the record that Wood and Webb employed a de minimis amount of force.  It also relied on its conclusion that, because other plausible causes for Bacon's injury exist, Bacon was not entitled to the inference that Wood and Webb caused his injury. Such reasoning is at odds with the district court's obligations when deciding a summary judgment motion.  See Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014); Durham, 690 F.3d at 188.  In any event, we do not agree that the amount of force used here can be considered de minimis based solely on the extent of Bacon's injury.  See Wilkins, 559 U.S. at 37-38; Hudson, 503 U.S. at 9-10.

5

417 (4th Cir. 2014) (providing standard for bystander liability). Thus, he has forfeited appellate review of this claim. See 4th Cir. R. 34(b).

Accordingly, we affirm the district court's grant of summary judgment with respect to Bacon's deliberate indifference claim against Rose, Brinkley, and White; vacate the order with respect to Bacon's excessive force claim against Wood and Webb; and remand the case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
